# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AHMED A. OSMAN,
> Appellant,

v.

DEPARTMENT OF THE ARMY,
> Agency.

DOCKET NUMBER
PH-0752-15-0030-I-2

DATE: August 11, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Adam D. Meshkov, Esquire, Easton, Pennsylvania, for the appellant.

Tyler A. Gattermeyer, Tobyhanna, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant created a hostile work environment in violation of Title VII, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant was formerly employed as a Sheet Metal Worker, WG‑3806‑08, at the agency's Tobyhanna Army Depot (TYAD) in Tobyhanna, Pennsylvania. Initial Appeal File (IAF), Tab 6 at 47. In January 2014, a coworker, M.K., reported to his supervisor and the agency's equal employment opportunity (EEO) office that the appellant had been harassing him by making obscene sexual and racial comments, thus creating a hostile work environment. *Id*. at 15. The EEO office forwarded the matter to the military police for investigation. *Id*. at 12. On March 10, 2014, the investigator issued a report including sworn statements from the appellant, M.K., and two other TYAD employees, who at least partially corroborated M.K.'s account. *Id*. at 12-27. For his part, the appellant admitted to asking M.K. a sexually graphic question and to making a "duck face" (which was misconstrued as a blown kiss), but he otherwise denied M.K.'s allegations. *Id*.

¶3    On April 1, 2014, the agency proposed to remove the appellant for "Conduct Unbecoming a Federal Employee related to Violation of Tobyhanna Army Depot Policy Memorandum #4‑‑Equal Employment Opportunity and the

Prevention of Unlawful Harassment." *Id*. at 27-36. The specification was in narrative form and included several allegations that the appellant harassed M.K. continually from about October 2013 to the present by the appellant repeatedly stating vulgar, disgusting comments and making obscene gestures to M.K.; and that M.K. had repeatedly told the appellant to stop, but the appellant persisted. The appellant provided an oral response, along with a handwritten note in which he apologized for his conduct but also asserted that "most of the allegations against me are not true and made up." *Id*. at 38; *see* Refiled Appeal File (RAF), Tab 8 at 56. The deciding official sustained the charge and removed the appellant effective September 16, 2014. *Id*. at 38‑45.

¶4    The appellant filed a timely Board appeal, which was subsequently dismissed without prejudice and automatically refiled. IAF, Tabs 1, 20; RAF, Tab 1. Following a hearing, the administrative judge sustained the removal, finding that the agency proved the charged misconduct, established nexus, and showed that the penalty was reasonable. RAF, Tab 11, Initial Decision (ID). This petition for review followed. Petition for Review (PFR) File, Tab 1. The agency has responded. PFR File, Tab 3.

## ANALYSIS

The agency's charge requires proof under the Title VII standard.

¶5    When an agency charges an employee with violating its hostile work environment sexual harassment policy but not with violating Title VII, and the agency policy defines sexual harassment without explicit reference to Federal law and without tracking Title VII, the agency is required to prove only that the appellant's conduct violated the agency's policy. *Viens v. Department of the Interior*, 92 M.S.P.R. 256, ¶ 6 (2002). When, however, an agency charges an employee with violating its sexual harassment policy and that policy explicitly references the Title VII standard, including creating a hostile work environment, the Title VII standard must be applied, and the agency is required to prove that

the appellant's conduct violated Title VII. *Id.* Similarly, when an agency charges an employee with violating its hostile work environment sexual harassment policy and that policy tracks the language of Title VII's regulations, even though the policy does not explicitly reference them, the proper standard for judging the alleged misconduct is that of Title VII. *Id.*

¶6        Here, the administrative judge found that Title VII standards do not apply because neither the proposal notice nor the cited agency policy refers explicitly to Title VII. ID at 2 n.3. However, while the policy memorandum does not refer to Title VII by name, it pertains to "Unlawful Harassment," and contains a statement that "[u]nlawful harassment (including sexual harassment) violates Federal law." RAF, Tab 8 at 53. The reference to Title VII is implicit but unmistakable. We therefore find that, to prove its charge, the agency must establish that the appellant created a hostile work environment in violation of Title VII. While the agency could have charged the appellant with inappropriate behavior without reference to the policy memorandum in question, the Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency, and may not substitute what it considers to be a more adequate or proper basis. *Gottlieb v. Veterans Administration,* 39 M.S.P.R. 606, 609 (1989).

The appellant's conduct created a hostile work environment in violation of Title VII.

¶7        Title VII is violated when the workplace is permeated with unwelcome discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Viens*, 92 M.S.P.R. 256, ¶ 9. The standard for determining whether conduct violates Title VII takes a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury. *Id.* Determining whether the environment is hostile or abusive must be made by examining all the circumstances. *Id.*, ¶ 10. These include the frequency of the discriminatory

conduct, its severity, whether it was physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance. *Id*. The effect on the employee's psychological well-being is relevant to determining whether the victim actually found the environment abusive, but psychological harm is not required for a finding of harassment. *Id*. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment that constitute sexual harassment. *Id*.

¶8        Based on our review of the evidence, the agency clearly met its burden of proving that the appellant created a hostile work environment in violation of Title VII. In proposing the appellant's removal, the agency described numerous obscene and humiliating remarks and gestures, some racially charged, that the appellant directed toward M.K. on a daily basis over a period of several months. IAF, Tab 6 at 29. The proposal notice further related that M.K. felt "creeped out" and "disgusted" by the appellant's comments, that he told the appellant to stop making such comments, that he tried to keep his distance from the appellant, that he requested that the appellant be moved to another shop, and that he believed the appellant created a hostile work environment. *Id*. The administrative judge credited the agency's version of events over the appellant's, based in part on his observations of witness demeanor, and the appellant has not identified sufficiently sound reasons to overturn his credibility determinations. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Under these circumstances, it is unnecessary to remand the appeal for further development of the record, and we may sustain the charge at the Board level. *See Booker v. Department of Veterans Affairs*, 110 M.S.P.R. 72, ¶ 7 (2008).

The removal action is sustained.

¶9        It is well settled that there is a sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred at work. *Miles v. Department of the Navy*, 102 M.S.P.R. 316, ¶ 11 (2006). Moreover,

regardless of whether the agency's penalty determination is entitled to deference, the Board has held that removal is a reasonable penalty in cases of sexual harassment creating a hostile work environment in violation of Title VII. *See Booker*, 110 M.S.P.R. 72, ¶ 20; *Viens*, 92 M.S.P.R. 256, ¶ 23. While the appellant contends that the penalty is too harsh, the sustained misconduct is egregious, and we do not discern any mitigating factors that would warrant a different result. Accordingly, we sustain the removal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website,

www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.